Stephen M. Sanders, SBN 242039
stephen@sanderscoynercade.com
Jeff G. Coyner SBN 233499
jeff@sanderscoynercade.com
Nathanael P. Cade, SBN 330391
nate@sanderscoynercade.com
**Sanders Coyner Cade, PC**
2829 Townsgate Rd., Suite 100
Westlake Village, CA 91361
Off: 213-302-4801
Authorized for E-Service: firm@sanderscoynercade.com

Attorneys for Plaintiff Ann Meine, Individually, and as Trustee for the Julie A. Meine Revocable Trust Established January 22, 2001

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANN MEINE, | Case No.: 2:21-CV-08504-MWF-AS |
|---|---|
| Plaintiff, | |
| vs. | **MOTION TO WITHDRAW BY SANDERS COYNER CADE PC AS TO THE REPRESENTATION OF ANN MEINE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEROF** |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | |

## MOTION TO WITHDRAW BY SANDERS COYNER CADE, PC FOR PLAINTIFF ANN MEINE AND INCORPORATED MEMORADUM OF LAW IN SUPPORT THEREOF

**A.  Good Cause Exists for Sanders Coyner Cade, PC to Withdraw as Counsel.**

Pursuant to L.R. 83-2.9.2.1, California Rule of Professional Conduct 1.16 (b) and Bus. & Prof. Code § 6104 Sanders Coyner Cade PC hereby files this motion to

1

withdraw as counsel for Plaintiff Ann Meine individually and as Trustee for the Julie A. Meine Revocable Trust Established January 22, 2001 ("Plaintiff").

The Undersigned Sanders Coyner Cade PC ("Undersigned") makes this motion based upon the following facts to support good cause:

1. The Undersigned has been retained by Plaintiff Anne Meine to represent her in connection with this lawsuit against the Defendant SAFECO INSURANCE COMPANY OF AMERICA, et al..

2. There has been a breakdown of the relationship between the Undersigned and Plaintiff such that continued representation would result in a violation of the Rules of Professional Conduct.

3. The Undersigned has been discharged by Plaintiff.

4. The Undersigned has gave notice via email to both Defendant and Plaintiff of this motion on February 13, 2024.

5. This matter relates to an insurance dispute and is currently stayed pending the outcome of a related case in Los Angeles County Superior Court as a result this withdrawl is not prejudicial and will not materially delay the resolution of this matter.

**B.  The Withdrawal is Mandatory pursuant to California Rule of Professional Conduct 1.16 (b) and Bus. & Prof. Code § 6104 and Therefore is Supported by the Foregoing Good Cause.**

Local Rules for the Central District of California, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.9.2.1. Where withdrawal of counsel will cause delay in prosecuting the case to completion, the moving party must show "good cause" for the withdrawal and that the "ends of justice require" withdrawal. L.R. 83-2.9.2.4. See also *Thompson v. Special Enforcement, Inc.,* No. EDCV 04-1666-VAP JCRX, 2008 WL 4811404 at *1 (C.D. Cal. Oct. 27, 2008). A motion to withdraw as counsel may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the

action." L.R. 83-2.9.2.1. It is especially important that reasonable notice be given to moving counsel's client because, upon withdrawal, the client will be forced to proceed pro se or appoint new counsel through a substitution of attorney. L.R. 83-2.9.2.2.

"The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." *Thompson,* 2008 WL 4811404 at *2 (quoting *Kassab v. San Diego Police Dep't*, No. 07cv1071 WQH (WMc), 2008 WL 251935 at *1 (S.D. Cal. Jan. 29, 2008)). In ruling on a motion to withdraw as counsel, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.,* No. 07CV594WQHLS, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008). See also *Nedbank Int'l Ltx. v. Xero Mobile, Inc.,* No. CV07-6594 PSG (AGRx), 2008 WL 4814706 at *1 (C.D. Cal. Oct. 30, 2008).

Under California Rule of Professional Conduct 1.16(a)(2) a lawyer shall not represent a client if "the lawyer knows* or reasonably should know* that the representation will result in a violation of these rules or of the State Bar Act."

Under Bus. & Prof. Code § 6104 a lawyer cannot appear as attorney for a party to an action "without authority". In this instance, Plaintiff has terminated the Undersigned.

The relationship between Plaintiff and the Undersigned has broken down such that continued representation will result in a violation of the California Rules of Professional Conduct. Additionally, Plaintiff has terminated the Undersigned. The pending action is currently stayed. Therefore, withdrawal is supported by good cause.

1
2   Dated: February 23, 2024            **Sanders Coyner Cade, PC**
3
4                                        By: _/s/ Nate Cade_
5                                            Stephen M. Sanders
6                                            Jeff G. Coyner
                                             Nathanael P. Cade
7                                            Attorneys for Plaintiff
                                             Ann Meine, Individually, and as
8                                            Trustee for the Julie A. Meine
                                             Revocable Trust Established
9                                            January 22, 2001
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATION OF NATHANAEL P. CADE
## IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

I, Nathanael Cade, hereby declare:

1. I am an attorney at law licensed to practice before all courts in the State of California, and a partner with the law firm Sanders Coyner Cade, PC, attorneys for the Plaintiff Ann Meine, Individually, and as Trustee for the Julie A. Meine Revocable Trust Established January 22, 2001, in this action. I have personal knowledge of the matters stated herein. Based upon my information and belief, and my review of the documents and evidence referenced herein, if called and sworn as a witness, I could testify competently as follows:

2. The Undersigned has been retained by Plaintiff Anne Meine to represent her in connection with this lawsuit against the Defendant SAFECO INSURANCE COMPANY OF AMERICA, et al.

3. There has been a breakdown of the relationship between the Undersigned and Plaintiff such that continued representation would result in a violation of the Rules of Professional Conduct.

4. The Undersigned has been discharged by Plaintiff.

5. The Undersigned has given notice via email to both Defendant and Plaintiff of this motion on February 23, 2024.

6. This matter relates to an insurance dispute and is currently stayed pending the outcome of a related case in Los Angeles County Superior Court as a result this withdrawl is not prejudicial and will not materially delay the resolution of this matter.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on this 13th day of February, 2024 in Ventura, California.

_____
Nathanael P. Cade

# PROOF OF SERVICE
### CACD Case No. 2:21-cv-08504-MWF-AS

STATE OF CALIFORNIA, COUNTY OF VENTURA. I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is: 2829 Townsgate Road, Ste. 100 Westlake Village, CA 91361. On February 23, 2024, I served the foregoing documents described as: **MOTION TO WITHDRAW AS COUNSEL** on all interested parties in this action addressed as follows:

| | |
|---|---|
| Blake J. Russum (SBN 258031) | *Attorneys for Defendant* |
| Birgit Huber Willand (SBN 149893) | SAFECO INSURANCE COMPANY |
| Norman Lau (SBN 253690) | OF AMERICA |
| ROPERS MAJESKI PC545 | |
| Middlefield Road, Suite 175 | |
| Menlo Park, CA 94025 | |
| Telephone: 650.364.8200 | |
| Facsimile: 650.780.1701 | |
| Email: norman.lau@ropers.com | |
| blake.russum@ropers.com | |
| birgit.willand@ropers.com | |

☒ **BY ELECTRONIC TRANSMISSION ONLY** - Pursuant to Code of Civil Procedure 1010.6, and California Rules of Court 2.256, I affected electronic service of the documents indicated by transmitting an electronic PDF version of the document(s) sent to the e-mail address indicated above. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 23, 2024, at Fillmore, California.

*[signature]*

Nathanel P. Cade